IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHANNA TOLER,

       Plaintiff,

v.             CIVIL ACTION NO. 2:18-cv-01267

CLAUDIO & JOHNSON,
ATTORNEYS AT LAW, LLC, et al.,

       Defendants.

MEMORANDUM OPINION AND ORDER

## I. Introduction

Pending before the court is a Motion to Remand [ECF No. 6] filed by Plaintiff Shanna Toler ("Plaintiff"), individually and on behalf of all others similarly situated. For the reasons that follow, the Motion is **GRANTED**.

## II. Background

On July 9, 2018, Plaintiff commenced this civil action by filing a putative class action complaint in the Circuit Court of Fayette County, West Virginia. Plaintiff's Complaint contains two counts. Count I alleges that the defendants have engaged in numerous violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), including:

  a. attempting to collect a debt by threats to take action that it did not intend to take by threatening to file a lawsuit against Plaintiff immediately upon the expiration of 30

days when it had no intention of taking the threatened action in violation of *West Virginia Code* §46A-2-124;

b. threatening to take any action prohibited by this chapter or other law regulating the debt collector's conduct by threatening to reduce Plaintiff's time to dispute the validity of [her] debt in violation of *West Virginia Code* §46A-2-124(f);

c. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by sending the letter . . . to Plaintiff in violation of *West Virginia Code* §46A-2-125;

d. Defendants engaged in oppressive and abusive conduct in violation of *West Virginia Code* §46A-2-125(d);

e. the letter . . . is a fraudulent, deceptive or misleading representation or means in an attempt to collect a debt or obtain information from the Plaintiff's in violation of *West Virginia Code* §46A-2-127;

f. representing that Plaintiff's obligation would be increased by the addition of attorney's fees and interest when in fact these fees and charges may not legally be added to the obligation in violation of *West Virginia Code* §46A-2-127(g);

g. attempting to collect interest from Plaintiff without express authorization by the agreement creating the obligation and by statute in violation of *West Virginia Code* §46A-2-128(d);

h. using unfair and/or unconscionable means to collect a debt from Plaintiff by sending the letter . . . in violation of *West Virginia Code* §46A-2-128;

i. attempting to collect debt without a license, bond and without registering to do business in West Virginia is a violation of *West Virginia Code* §46-A-2-127 as a misrepresentation of fact.

Compl. ¶ 22 (all errors present in original). The alleged violation of the WVCCPA set forth in Paragraph 22(b) is based on the defendants' violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq. Id.* ¶¶ 9, 22(b); *see* Pl.'s Mem. Law [ECF No. 7] at 3 n.2 ("This provision of the WVCCPA prohibits the 'threat to take any action prohibited by this chapter or other law regulating the debt collector's conduct.' The FDCPA is one such 'other law' regulating the debt collection activity.").[1]

Count Two alleges class claims for relief, alleging, inter alia, that the "principal common issues involve whether C&J's conduct regarding the aforementioned letters constitutes a violation of the unfair debt collection practices provisions of the WVCCPA." *Id.* ¶ 29.

On August 29, 2018, Defendant Professional Account Services, Inc. ("PASI") removed this action from state court purportedly on the ground of federal question jurisdiction. On September 28, 2018, Plaintiff moved to remand this action to the Circuit Court of Fayette County.

### III. Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[ ] may be removed by the defendant or the

---

[1] Specifically, Plaintiff alleges that the defendants' letter threatened to reduce Plaintiff's time to verify or dispute the alleged debt by stating that the failure to pay the account within thirty days of the *date* of the letter would lead to additional fees and charges. Compl. ¶ 9. Plaintiff alleges that the FDCPA provides that a consumer has thirty days from the *receipt* of the letter to verify or dispute the alleged debt. *Id.*

defendants[ ] to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). In this case, the source of original jurisdiction asserted is 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." § 1331.

"A civil action can 'arise under' federal law in two ways." *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181 (4th Cir. 2014). "Most commonly, 'a case arises under federal law when federal law creates the cause of action asserted.'" *Id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). The party bringing the lawsuit is the "master to decide what law he will rely upon." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 22 (1983) (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)). Thus, even if the facts alleged in support of an asserted state-law claim would also support a federal claim, the plaintiff can eschew the federal claim and remain in state court. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Here, Plaintiff brings no federal cause of action. To the contrary, Plaintiff's causes of action are manifestly created by state law—specifically, the WVCCPA.

Accordingly, I must determine the presence or absence of federal question jurisdiction under the "second, more narrow basis applicable only to a state-law cause

4

of action implicating a 'significant' federal issue." *Flying Pigs*, 757 F.3d at 181. This narrow basis for jurisdiction is called "substantial federal question jurisdiction." *Carmine v. Poffenbarger*, 154 F. Supp. 3d 309, 314 (E.D. Va. 2015). In order to fall within this basis for jurisdiction, "the state-law cause of action must implicate a federal issue that is necessarily raised, actually disputed, substantial, and capable of resolution in a federal court without disrupting the federal-state balance of power." *Id.* (citing *Flying Pigs*, 757 F.3d at 183 n.8). I find there is no federal jurisdiction over this matter.

IV. Discussion

### a. "Necessarily Raised" Requirement

To establish substantial federal question jurisdiction, the state-law cause of action must implicate a federal issue that is "necessarily raised." *Flying Pigs*, 757 F.3d at 182. The "necessarily raised" requirement is satisfied *only* when "*every* legal theory supporting the claim requires the resolution of a federal issue." *Id.* (finding the "necessarily raised" requirement unmet where the plaintiff was not required to prove entitlement to the lien under federal trademark law). "In other words, if the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 817 (4th Cir. 2004).

Here, Plaintiff states that the alleged violation of Section 46A-2-124(f) of the WVCCPA as set forth in Paragraph 22(b) of the Complaint is based on the defendants'

violation of the FDCPA. However, Plaintiff's cause of action for a violation of the WVCCPA is also predicated on numerous violations of purely state law. For example, the alleged violation of the WVCCPA set forth in Paragraph 22(a) of Plaintiff's Complaint references no federal law in alleging that the defendants violated the WVCCPA by "attempting to collect a debt by threats to take action that it did not intend to take by threatening to file a lawsuit against Plaintiff immediately upon the expiration of 30 days when it had no intention of taking the threatened action in violation of *West Virginia Code* §46A-2-124." Compl. ¶ 22(a).

The alleged violations of the WVCCPA as set forth in Paragraphs 22(c)-(i) of Plaintiff's Complaint are also solely predicated on breaches of state law. In those paragraphs, Plaintiff alleges that the defendants violated the WVCCPA by:

   c. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by sending the letter . . . to Plaintiff in violation of *West Virginia Code* §46A-2-125;

   d. Defendants engaged in oppressive and abusive conduct in violation of *West Virginia Code* §46A-2-125(d);

   e. the letter . . . is a fraudulent, deceptive or misleading representation or means in an attempt to collect a debt or obtain information from the Plaintiff's in violation of *West Virginia Code* §46A-2-127;

   f. representing that Plaintiff's obligation would be increased by the addition of attorney's fees and interest when in fact these fees and charges may not legally be added to the obligation in violation of *West Virginia Code* §46A-2-127(g);

6

g. attempting to collect interest from Plaintiff without express authorization by the agreement creating the obligation and by statute in violation of *West Virginia Code* §46A-2-128(d);

h. using unfair and/or unconscionable means to collect a debt from Plaintiff by sending the letter . . . in violation of *West Virginia Code* §46A-2-128;

i. attempting to collect debt without a license, bond and without registering to do business in West Virginia is a violation of *West Virginia Code* §46-A-2-127 as a misrepresentation of fact.

Compl. ¶ 22 (all errors present in original). Thus, while one ground of Plaintiff's cause of action for a violation of the WVCCPA is predicated on a breach of the FDCPA (federal law), all other grounds are predicated only on state law. Because Plaintiff has presented theories of recovery in support of her cause of action for a violation of the WVCCPA that depend exclusively upon state law, the application of federal law is not essential to the claim's disposition. As such, the "necessarily raised" requirement has not been satisfied, and federal jurisdiction does not lie. *See Flying Pigs*, 757 F.3d at 182–83; *Dixon*, 369 F.3d at 817 ("[I]f the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331."); *see also Masey v. Gibson*, No. 7:08-2078-HMH, 2008 WL 2704977, at *2–3 (D.S.C. July 9, 2008) (remanding case for a lack of substantial federal question jurisdiction where the plaintiff pleaded a "cause of action for a violation of the Consumer Protection Code"

which was "predicated on a breach of federal law . . . and separately, a breach of state law").

### b. Substantial Federal Issue

Because the court finds the federal issue implicated by the state-law cause of action is not "necessarily raised," the court need not address the other three factors required for substantial federal question jurisdiction. *See Flying Pigs*, 757 F.3d at 183 n.8 ("Inasmuch as the foreclosure proceeding . . . does not necessarily raise the Lanham Act issue . . . we need not address these three other prerequisites."). Nonetheless, even if Plaintiff's claim necessarily depended on a question of federal law, the federal issue implicated by the Complaint is not "substantial" as required to confer federal jurisdiction.

The substantiality inquiry looks "to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260 (emphasizing that it is "not enough that the federal issue be significant to the particular parties" in the lawsuit). A substantial federal issue may be present if the federal question "present[s] a nearly 'pure issue of law,' one 'that could be settled once and for all and thereafter would govern numerous . . . cases.'" *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006). But a substantial federal issue is not present when the federal issue is "fact-bound and situation-specific." *Id.* at 700–01.

In this case, Plaintiff's Complaint does not implicate a substantial federal issue. The gravamen of Plaintiff's Complaint is that the defendants violated

8

numerous sections of the WVCCPA. Federal law is only relevant to one of the nine alleged violations of the WVCCPA, in which Plaintiff simply references a straightforward debt collection time requirement. *See* Compl. ¶ 9 ("[f]ederal law" (15 U.S.C. § 1692g(a)(3)) "provides that a consumer has 30 days from the receipt of the letter to dispute or request verification."). For this reason, the federal question here is already well-settled, and "all that remains is to apply it to the facts of the present case." *Finch v. Wisconsin Auto Title Loans, Inc.*, 586 F. Supp. 2d 1070, 1076 (E.D. Wis. 2008) (remanding action to state court where the plaintiff's complaint did not raise a substantial federal question). Accordingly, no substantial federal issue is present, and this case must be remanded to state court.

## V. Conclusion

Plaintiff's Motion to Remand [ECF No. 6] is **GRANTED**. The court **REMANDS** this case to the Circuit Court of Fayette County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: November 27, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE